IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAXINE CARDA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV502 |
| | ) | |
| v. | ) | |
| | ) | |
| ABBOTT PARKING, INC., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion to dismiss and motion for summary judgment and request for attorney's fees (Filing No. 21). The plaintiff, Maxine Carda, contends that the defendant acted to retaliate against her and to effect a hostile work environment in violation of Title VII of the Civil Rights Act and the Nebraska Fair Employment Practices Act because she raised a worker's compensation claim and cooperated in a complaint against the defendant alleging that the defendant was hostile to employees of Mexican origin and ancestry. The Court has reviewed the motion, the briefs of the parties, and the evidence submitted by the parties and finds defendant's motion for summary judgment should be granted and defendant's request for attorney's fees should be denied.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party moving for summary judgment must always bear "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* NeCivR 56.1(a).  When the party seeking summary judgment carries its burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996); *see* NeCivP 56.1(b).  Because inferences are often the basis of an employment discrimination claim, "summary judgement should not be granted unless the evidence could not support any reasonable inference of discrimination."  *Breeding v. Arthur J. Gallagher and Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999).

At the summary judgment stage, the evidence is viewed in a light most favorable to the nonmoving party, with all inferences drawn in that party's favor.  *See Matsushita Elec. Indus.*, 475 U.S. at 587.  In making this review, the Court is particularly aware that it does not "weigh the evidence and determine the truth of the matter" but instead determines

-2-

"whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The Eighth Circuit has cautioned that summary judgment should seldom be used in employment discrimination cases.

> Summary judgment is appropriate only in "those rare instances where there is no dispute of fact and where there exists only one conclusion." *Johnson v. Minn. Hist. Soc.*, 931 F.2d 1239, 1244 (1991). Because discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence cannot support any reasonable inference for the nonmovant.

*Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994). Caution is necessary in employment discrimination cases because intent is usually a central issue. *Christopher v. Adam's Mark Hotels*, 137 F.3d 1069, 1071 (8th Cir. 1998). "This cautionary approach, however, 'cannot and should not be construed to exempt' from summary judgment employment discrimination cases involving intent." *Id. citing Krenik v. County of LeSueur*, 47 F.3d 953, 959 (8th Cir. 1995). When there is no genuine issue as to the employer's intent, then summary judgment may be appropriate. *Christopher*, 137 F.3d at 1071 (explaining that because intent is typically the key issue in employment discrimination cases, courts should proceed with caution when addressing a motion for summary judgment).

## II.  BACKGROUND

The plaintiff, Maxine Carda ("Carda"), was employed by the defendant, Abbott Parking, Inc. ("defendant"), as a manager from April, 2002, until her employment ended on January 20, 2003. In her affidavit filed in response to defendant's motion for summary judgment, she stated that she had been employed since 1998 by the defendant and employed as a manager since April, 2002, until her dismissal on January 20, 2003.  Carda never filed a worker's compensation claim at any time during her employment with the defendant.

On February 4, 2003, the plaintiff was interviewed by the Nebraska Equal Opportunity Commission ("NEOC") regarding a complaint against the defendant by Francisco Dominguez that alleged that the defendant discriminated against Dominguez because of his Mexican nationality and heritage.

After the termination of her employment, the defendant received reports that Carda contacted current Abbott employees while they were at work and made derogatory comments about the defendant.  Subsequently, the defendant's legal counsel sent Carda a letter dated March 28, 2003, that expressed a belief that Carda's alleged conduct constituted an "intentional interference with business relations and possibly defamation."  (Filing No. 23, Ex. A).  The letter also noted that the defendant had "received information which indicates you may have made false

statements to the Nebraska Equal Opportunity Commission (NEOC) regarding Mrs. Abbott's use of profanity and racist comments in the work place." (Filing No. 23, Ex. A, p.2). The letter formally advised Carda to cease and desist contacting defendant's employees while they were at work and to cease and desist making false or derogatory comments to any individuals, entities or governmental agencies. *Id.* It also advised Carda that "if you made false statements regarding Abbott Parking or Abbott Transportation in writing then you must issue another document in writing which states that your prior statements were not true and this writing must be sent to the party to whom the original false statements were made." (Filing No. 23, Ex. A, p. 2-3).

On July 24, 2003, Carda filed a charge of discrimination against the defendant with the NEOC and the United States Equal Employment Opportunity Commission ("EEOC"). This charge states:

> I.  I worked for the Respondent as a Manager from 4/2002 until I was terminated on 1/20/03.  On or about 3/29/03 I received a letter from the Respondent's attorney threatening legal action against me if I didn't retract testimony I had provided in a discrimination charge brought by a coworker against the Respondent.  I received the letter in retaliation for acting as a witness in that investigation.
>
> II.  I believe I have been discriminated against on the basis of retaliation in violation of Title VII

>of the Civil Rights Act of 1964, as Amended, and Section 48-1114 of the Nebraska Fair Employment Practice Act for the following reasons:
>
>>1) On or about 1/20/03, I was terminated from my management position and replaced by Miguel Montanez. Mr. Montanez was elevated to my position in an effort to make it appear that the Respondent employs Hispanics in management positions for the discrimination charge brought by my coworker.
>
>>2) On or about 2/4/03 I acted as a witness in the aforementioned discrimination charge, and submitted testimony that Zori Abbott (Vice President) had forced me to falsify the work schedule so that it appeared that a Hispanic coworker had failed to report to work, allowing the Respondent to terminate him.
>
>>3) On or about 3/28/03 I received a letter from Respondent's legal representative accusing me of lying to the Nebraska Equal Opportunity Commission, ordering me to retract my testimony and threatening legal action against me if I did not. However, I did not lie in my testimony, and I have no reason to retract any statements I made as witness.
>
>>4) The Respondent has sent similar letters to former employees in the past which threaten them with legal action if they bring charges against them or act as witnesses in cases brought against them.

(Filing No. 23, Ex. B). Carda's complaint alleges that the earliest date discrimination took place was January 20, 2003, the date her employment with the defendant was terminated.

On July 26, 2004, the EEOC issued Carda a "Right to Sue" notice. On October 12, 2004, the original complaint in this action was filed (Filing No. 1). Carda filed her amended complaint on January 11, 2005 (Filing No. 17).

### III.  DISCUSSION

**A.  Procedural Default**

Carda argues that the defendant's motion for summary judgment should be denied because the defendant's statement of facts is not comprised of numbered paragraphs with pinpoint citations as required by local rule. NeCivR 56.1. Carda is correct that the defendant failed to number the statement of facts paragraphs in his initial brief in support of his motion for summary judgment as required by local rules but, in response to an order from this Court, the defendant has filed an amended brief (Filing No. 37) that conforms to the local rules.

Carda also asserts that Michael Abbott's affidavit in support of the summary judgment motion is defective because it does not explicitly state that Abbott had personal knowledge of all matters alleged in his affidavit. Fed. R. Civ. P. 56(e). Rule 56 states that "affidavits shall be made on personal knowledge." Fed. R. Civ. P. 56 (e). The rule does not require that the affidavit explicitly state that the affidavit is based on personal knowledge. Mr. Abbott's affidavit states that Michael Abbott, "upon being duly sworn, states and alleges as

follows." After review of the affidavit, the Court concludes that all of the statements made by Mr. Abbott refer to facts which were within his personal knowledge. Therefore, the Court will not deny defendant's motion for procedural shortcomings as allowed under NeCivR 1.1.

**B.   Retaliation Claim**

**1.   March 28, 2003, Letter**

A retaliation claim by a former employee based upon an employer's post-termination conduct must show that such conduct was employment related. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997). The former employee must demonstrate that a retaliatory action adversely affected his or her future employment or employability. *Cross v. Cleaver*, 142 F.3d 1059 (8th Cir. 1998).

To establish a claim under 42 U.S.C. § 2000e-3(a), plaintiff is required to show (1) that she engaged in an activity protected by the statute, (2) that adverse employment action occurred, and (3) that a causal connection existed between the two. *Sweeney v. City of Ladue*, 25 F.3d 702, 703 (8th Cir. 1994). An adverse employment action occurs where a former employee suing for retaliation, demonstrates that the retaliatory action adversely affects her future employment or employability. *Cleaver*, 142 F.3d at 1076 *(citing Bailey v. USX Corp.*, 850 F.2d 1506, 1508 (11th Cir. 1988); *Pantchenko v. C. B. Dolge Co., Inc.*,

-8-

581 F.2d 1052, 1053 (2d Cir. 1978)).  Thus, where the March 28th letter is the alleged retaliatory action, it is incumbent upon Carda to demonstrate that the letter adversely affected her future employment or employability.

The evidence fails to demonstrate that this letter adversely affected Carda's future employment or employability. The letter only went to Carda.  With no one else having received the letter, Carda speculates that the letter's reference to possible future legal action is a barrier to her employability. Carda speculates that if the defendant filed a defamation lawsuit against Carda, it would discourage a future employer who discovered that Carda's former employer filed a defamation lawsuit against her.

Carda fails to produce evidence that the letter has adversely affected her employability.  The letter was written in March, 2003, and yet, more than two years later, Carda still has not produced any evidence that the letter has negatively affected her employability.  Without evidence, Carda is unable to establish a causal connection between the letter and her employability.  Carda fails to establish a prima facie case of retaliation based upon the March 28, 2003, letter.

**2.   Worker's Compensation Claim Retaliation**

Carda's second cause of action in her amended complaint asserts a retaliation claim arising out of a worker's

compensation claim filed by Carda.  Carda fails to detail her alleged worker's compensation claim in any way.  Nothing in the record substantiates this alleged claim.  Simply alleging retaliation in her complaint for an undocumented past worker's compensation claim is insufficient to survive a motion for summary judgment.  When the party seeking summary judgment carries its burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial."  *Liberty Lobby*, 477 U.S. at 248.  Carda fails to set forth specific facts to show that a genuine issue for trial exists as to retaliation against her in regards to a past worker's compensation claim.  No date of the alleged worker's compensation claim is ever supplied, nor are any facts describing the claim ever submitted to the Court.  Any claims related to Carda's assertion of retaliation for an alleged past worker's compensation claim must be dismissed.  Therefore, all of Carda's retaliation claims will be dismissed.

**C.   Hostile Work Environment**

To establish a Title VII hostile work environment claim, Carda must establish the following: "(1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected-group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew

or should have known of the harassment and failed to take prompt and effective remedial action."  *Bogren v. Minnesota*, 236 F.3d 399, 407 (8th Cir. 2000)(*quoting Austin v. Minnesota Mining & Mfg. Co.*, 193 F.3d 992, 994 (8th Cir. 1999).  Even if the Court, assumes, for purposes of summary judgment, that Carda has established the elements of her hostile work environment claim, the claim still must fail because Carda has failed to exhaust her administrative remedies.

<u>Exhaustion Requirement</u>

Before filing a lawsuit in federal court, a Title VII plaintiff must bring an administrative charge of discrimination before the EEOC to provide it "the first opportunity to investigate discriminatory practices and enable[] it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts."  *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).  "A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC."  *Id*.  Although a claimant's administrative complaint is liberally construed, in order to further the remedial purposes of Title VII, *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000), the breadth of a subsequent civil suit is only as "broad as the scope of any investigation that reasonably could

have been expected to result from the initial charge of discrimination."  *Id*.  The Court is "prohibited from inventing ex nihilo, a claim which simply was not made [in an EEOC complaint]."  *Kells v. Sinclair Buick-GMC Truck, Inc*., 210 F.3d 827, 836 (8th Cir. 2000)(citation and quotation omitted).

Carda has provided no evidence to support her claim of a hostile work environment.  In her July 24, 2003, complaint to the NEOC and the EEOC, Carda did not allege a hostile work environment.  In fact, Carda alleges that the earliest possible date that discrimination took place was January 20, 2003, the date her employment ended.  Where Carda has never complained to either the NEOC or the EEOC about a hostile work environment, she has failed to exhaust her administrative remedies.  Therefore, Carda's hostile work environment claim will be dismissed.

**D.   Attorneys' Fees**

The defendant also seeks attorneys' fees, asserting that plaintiff's claims were frivolous, unreasonable and groundless or that the plaintiff continued to litigate these claims after it was clear that they lacked foundation.  A prevailing defendant in a discrimination suit under Title VII of the Civil Rights Act of 1964 may recover attorneys' fees if the plaintiff's case was frivolous, unreasonable, or without foundation.  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22, 98 S. Ct. 694 (1978).  The Supreme Court cautioned

districts courts to avoid hindsight logic that equates frivolousness with the plaintiff's ultimate failure to prevail. *Id*. at 422.  Even "allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*."  *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S. Ct. 173 (1980).  So long as the plaintiff has "some basis" for the discrimination claim, a prevailing defendant may not recover attorneys' fees.  *Obin v. Dist. No. 9 of International Ass'n of Machinists*, 651 F.2d 574, 587 (8th Cir. 1981).  Applying these principles, the Court concludes that defendant's claim for attorneys' fees should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment on all causes of action and deny defendant's motion for attorney's fees.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of August, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
  LYLE E. STROM, Senior Judge
  United States District Court